IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CANAL INDEMNITY COMPANY,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ]   CV-07-BE-0825-E |
| | ] |
| **JAMES ZACHERO, doing business as** | ] |
| **Tony's Mobile Homes doing business as** | ] |
| **T.Z. Mobile Home Movers, et al.,** | ] |
| | ] |
| **Defendants.** | ] |
| | ] |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff Canal Indemnity Company's Motion to Dismiss Defendant Estelle's Counter-Claim (doc. 50) and Defendant Western Heritage Insurance Company's ("WHI") Motion to Dismiss Defendant Estelle's Cross-Claim (doc. 54).  The court ordered Defendant Cindy Estelle to show cause in writing why the court should not grant these motions because she seeks to bring a direct action against insurers prior to obtaining a judgment against the insured.  After Estelle filed her response, Canal moved for leave to file a reply (doc. 59).  The court GRANTS Canal's motion for leave to reply.  For the reasons stated below, however, Canal's and WHI's motions to dismiss are DENIED IN PART; specifically, the court denies the motions to the extent they seek dismissal under Ala. Code § 27-23-2 (1975).

Plaintiff Canal filed this declaratory judgment action seeking a declaration that it does not owe a duty to defend or indemnify Defendant James Zachero d/b/a Tony's Mobile Home Movers in several lawsuits filed in various circuit courts of Alabama.  The underlying state court actions involve primarily claims of negligence and/or wantonness against Zachero based on his delivery

and set-up of manufactured homes.  In this court, Defendant Estelle filed a counter-claim against Canal and a cross-claim against WHI.  Estelle's counter-claim against Canal and cross-claim against WHI are identical: negligence and/or wantonness, fraudulent misrepresentation, and fraudulent suppression based on Canal's and WHI's alleged misrepresentations to the Alabama Manufactured Housing Authority ("AMHA") that Defendant James Zachero d/b/a Tony's Mobile Home Movers had insurance coverage with them.  Estelle claims that the AMHA licensed Zachero based on these representations.  Had AMHA not licensed Zachero, Estelle argues, Zachero would not have been able to negligently and wantonly set up and install Estelle's manufactured home – the actions that form the basis of her state court lawsuit against Zachero.

Canal and WHI moved to dismiss Estelle's claims because Ala. Code § 27-23-2 prohibits direct actions against insurers <u>until</u> the third-party becomes a judgment creditor.  In response, Estelle argues that her claim is not prohibited by Ala. Code § 27-23-2 because the claim "is independent of this Court's decision about insurance coverage."  The court agrees.

Ala. Code § 27-23-2 provides in relevant part:

> Upon the recovery of a final judgment against any person . . . for loss or damage . . ., if the defendant in such action was insured against the loss or damage . . ., the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment . . . .

Accordingly, the Alabama Supreme Court has held that an injured party may not bring a direct action against an insurer as a third-party beneficiary under the insurance policy until the party obtains a final judgment against the insured.  *Maness v. Ala. Farm Bureau Mut. Cas. Ins. Co.*, 416 So. 2d 979, 982 (Ala. 1982); *see also State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So. 2d 643 (Ala. 2004); *Knox v. Western World Ins. Co.*, 893 So. 2d 321, 325 (Ala. 2004); *Wiggins v.*

*State Farm Fire & Cas. Co.*, 686 So. 2d 218, 221 (Ala. 1996); *Stewart v. State Farm Ins. Co.*, 454 So. 2d 513, 514 (Ala. 1984). These cases, however, all involve situations in which the party sought to assert a claim against the insurer based upon the *insured's* liability and dependent upon the insurer's coverage of the insured. In this case, Estelle seeks to assert an independent claim based upon the *insurer's* liability to her.[1]

By its clear terms, Ala. Code § 27-23-2 applies to claims involving "the insurance money provided for in the contract of insurance between the insurer and the defendant [*i.e.*, the insured]." The cases cited by Canal and WHI involve either claims directly seeking such money or claims seeking a declaration of the rights under the insurance policy. "None of these cases stands for the proposition that a direct action against the insurer is barred where the insurer, acting independently of its insured, enters into a contract with, or commits a tort against, a third-party claimant." *Howton v. State Farm Mut. Auto. Ins. Co.*, 507 So. 2d 448, 450 (Ala. 1987) (holding that a third party may bring direct action against an insurer where insurer undertakes new and independent obligation directly with nonparty to insurance contract in its efforts to negotiate settlement of third party's claim). Based upon this precedent and the clear language of the statute, the court concludes that Ala. Code 27-23-2 does not prohibit the type of claim Estelle raises – one that not only does not rely upon any "contract of insurance," but in fact relies upon the *non-existence* of such a contract. Consequently, the court will deny Canal's and WHI's motions to dismiss to the extent they rely upon Ala. Code 27-23-2.

The court does, however, have grave concerns about the viability of Estelle's counter-

---

[1] In some ways, Estelle's claims against Canal and WHI may still be contingent upon Zachero's liability. For example, if Zachero is not liable to Estelle, then his license status is irrelevant and any alleged misrepresentations made by Canal or WHI were not the proximate cause of Estelle's injuries. That issue, however, is unrelated to Ala. Code § 27-23-2.

claim against Canal and cross-claim against WHI.  Particularly, the court questions whether Estelle has standing to bring claims against Canal and WHI for alleged misrepresentations to the AMHA.[2]  This issue, as well as an argument that Estelle's claim did not satisfy Fed. R. Civ. P. 9(b), was raised in WHI's motion to dismiss and Canal's supplemental brief.  The court did not order Plaintiff to respond to these arguments previously, but will set a briefing schedule on these issues.

For the reasons stated above, Defendant Canal's and Defendant WHI's motions to dismiss are DENIED IN PART.  Specifically, the court denies the motions <u>on the ground</u> that Estelle's claims are prohibited by Ala. Code 27-23-2.  The court RESERVES RULING on Canal's and WHI's remaining arguments until the parties have fully briefed them.  Defendant Estelle's response to the remaining issues raised in the motions will be due on **February 25, 2008**.  Canal's and WHI's replies, if any, will be due **March 3, 2008**.

DONE and ORDERED this 13th day of February, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[2] WHI represented to this court that "[t]here is no dispute that James Zachero . . . had insurance" at the time it represented to the AMHA that Zachero did in fact have insurance.  Although the court is limited to reviewing Estelle's pleading in deciding whether to dismiss her counter-claim and cross-claim, the court encourages Estelle to resolve this discrepancy in deciding whether to pursue her claims against Canal and WHI.